IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| INDEPENDENT ELECTRIC SUPPLY INC, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:22-cv-00304-RK |
| v. | ) ) |
| MC POWER COMPANIES, INC, | ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's motion for prejudgment attachment. (Doc. 5.) After careful consideration and for the reasons explained below, Plaintiff's motion for prejudgment attachment is **PROVISIONALLY GRANTED in part** as to attachment for a sum total $1,649,869.20, provided that Plaintiff files a bond with the Court that complies with Missouri law in the amount of $1,650,000, on or before June 20, 2022. Plaintiff's motion is otherwise **DENIED without prejudice**.

I. **Background**

Plaintiff filed this diversity case against Defendant on May 6, 2022. (Doc. 1.) Plaintiff alleges it entered into an agreement with Defendant for Plaintiff to supply solar panels to Defendant on a credit basis. (*Id.* at ¶ 7.) Pursuant to this arrangement, Defendant issued a purchase order to Plaintiff for more than 12,000 solar panels at a cost of approximately $1.6 million, for shipment to Defendant's headquarters and various job sites. (*Id.* at ¶¶ 10-11.) Plaintiff alleges it supplied and shipped the solar panels, but Defendant has failed to pay Plaintiff pursuant to the contract between them (consisting of both the credit application and purchase order for the solar panels). (*Id.* at ¶¶ 12, 13.) Accordingly, Plaintiff asserts claims against Defendant for breach of contract, unjust enrichment, quantum meruit, and action on account. Plaintiff filed a return of service on May 23, 2022, indicating Defendant was served on May 18, 2022. (Doc. 4.)

On June 3, 2022, Plaintiff filed a motion for prejudgment attachment pursuant to the Federal Rules of Civil Procedure and Missouri law. (Doc. 5.) Plaintiff seeks an order of prejudgment attachment to "bar Defendant from using[,] dissipating, assigning, transferring, or disposing of monies which it owes to Plaintiff." (Doc. 5 at 1.)

## II. Legal Standard

Rue 64 of the Federal Rules of Civil Procedure authorizes this Court to issue an order of prejudgment attachment under Missouri law. *See* Rule 64(a), (b). Under Missouri law, a plaintiff in a civil action "may, at any time pending the suit and before final judgment, sue out an attachment in such action, on filing an affidavit and bond." Mo. Rev. Stat. § 521.130; *accord* Mo. Sup. Ct. Rule 85.02 ("After the commencement of a civil action a party who presents therein a claim by petition . . . may obtain a writ of attachment upon compliance with this Rule 85."). In relevant part, prejudgment attachment may issue "[w]here the debtor has failed to pay the price or value of any article or thing delivered, which by contract, he was bound to pay upon the delivery." Mo. Rev. Stat. § 521.010(13).

The party requesting a writ of attachment must file an affidavit stating (1) "[t]he nature and amount of the claim," and (2) "[f]acts showing the existence of one or more of the grounds for attachment set forth in Section 521.010, RSMo." Mo. Sup. Ct. Rule 85.03; *accord* Mo. Rev. Stat. § 521.060 ("The affidavit . . . shall state that the plaintiff has a just demand against the defendant, and that the amount which the affiant believes the plaintiff ought to recover . . . is __ dollars, and that he has good reason to believe, and does believe, in the existence of one or more of the causes which according to the provisions of section 521.010 would entitle the plaintiff to sue by attachment."). Issuance of a writ of attachment is mandatory so long as these requirements are satisfied. Mo. Sup. Ct. Rule 85.04 ("If the court finds that the facts stated in the affidavit show that the writ of attachment should issue, the writ shall be issued upon compliance with Rule 85.08."); *see* Mo. Rev. Stat. § 521.030 ( "An affidavit alleging any one of the causes set forth in the several subdivisions of section 521.010, in the language of such subsection, shall be held good and sufficient.").

Missouri law requires strict compliance with the attachment provisions and will construe such provisions "'in favor of those against whom [the remedy] may be employed.'" *MEMC Electronic Materials, Inc. v. Sunlight Grp., Inc.*, No. 4:08CV535 FRB, 2010 WL 1936091, at *2 (E.D. Mo. May 12, 2010) (citation and quotation marks omitted) (second alteration in original); *accord State ex rel. Froidl v. Tillman*, 662 S.W.2d 907, 909 (Mo. Ct. App. 1983) ("Attachment proceedings in Missouri are special and extraordinary proceedings and the strict compliance with the statutory provisions is virtually essential. When such strict compliance has not been had, the

2

writ of attachment will be irregular and the court acquires no jurisdiction over any res.") (citations omitted).

### III. Discussion

In support of its motion for prejudgment attachment, Plaintiff submitted an affidavit by Mr. Jeffrey Chow, Territory Credit Manager for Plaintiff. (Doc. 5-1.)

Mr. Chow attests that Defendant entered into a Credit Application with Plaintiff on October 15, 2015, attached as Exhibit A to the affidavit.[1] (Doc. 5-1 at 1, ¶ 5.) Under the Credit Application, Plaintiff agreed to supply solar panels, electrical components, and materials to Defendant on a credit basis. (*Id.*) Additionally, Mr. Chow attests, on December 14, 2018, Defendant issued a Purchase Order to Plaintiff for more than 12,000 solar panels, attached as Exhibit B to the affidavit.[2] (*Id.* at 2, ¶ 6.) Mr. Chow attests the total price for the solar panels purchased on December 14, 2018, was $1,649,869.20. (*Id.* at ¶ 7.) Further, Mr. Chow attests that Plaintiff supplied and shipped the solar panels pursuant to the Purchase Order and despite having delivered the solar panels as required under the contract (consisting of both the Credit Application and Purchase Order, *see id*. at ¶ 6), Defendant has failed to pay the balance owed. (*Id.* at ¶¶ 8, 9.) Under the Purchase Order as attached to the affidavit, payment was due as follows: "10% deposit by wire transfer – (5% or $80,243.46 upon execution of this purchase order and invoice, 5% or $80,243.46 in late December 2018), Net 45 After Final Delivery . . ." (Doc. 5-1 at 9.)

In addition, Mr. Chow attests the contract provides for a service charge on an unpaid balance of 1.5% per month and as of the date the complaint was filed in the instant case, this additional service charge had accrued to an additional $253,290.90 owed to Plaintiff by Defendant under the contract. (*Id.* at ¶ 10.) Thus, Mr. Chow attests the Defendant owes Plaintiff a sum total $1,903,160.10. (*Id.* at ¶ 11.)

Upon careful review, the Court finds the affidavit Plaintiff submitted in support of its motion for prejudgment attachment is in order under Missouri law. The affidavit and attached exhibits demonstrate the nature and amount of the claim, and facts showing the Defendant failed to pay the price of an article or thing delivered which it was bound to pay upon delivery under the contract: specifically, $1,649,869.20 owed to Plaintiff under the contract (Credit Application and Purchase Order) after the purchase by and delivery to Defendant of more than 12,000 solar panels,

---

[1] *See* Doc. 5-1 at 4-7.
[2] *See* Doc. 5-1 at 8-10.

required to be paid in full after delivery. Accordingly, the Court finds under Missouri law and Rule 64 of the Federal Rules of Civil Procedure, Plaintiff is entitled to prejudgment attachment as to the contract price of the purchased solar panels, or $1,649,869.20. The Court does not, however, find Plaintiff is entitled to prejudgment attachment as to the amount representing an accrual of $253,290.90 in service charges on the unpaid balance. Plaintiff's affidavit does not establish (and Plaintiff does not separately argue) these monies represent "the price or value of any article or thing delivered, which by contract, [Defendant] was bound to pay upon the delivery." § 521.010(13), RSMo.

In granting a motion for prejudgment attachment, however, Missouri law also requires that the requesting party post an appropriate bond. *See* Mo. Sup. Ct. Rule 85.04 ("If the court finds that the facts stated in the affidavit show that the writ of attachment should issue, the writ shall be issued upon compliance with Rule 85.08.") Missouri Supreme Court Rule 85.08(a) provides the party seeking attachment, with an exception not applicable here,[3] "shall file a sufficient bond, approved by the court . . . in an amount set by the court but not exceeding double the amount claimed." The conditions on the bond include that the party seeking attachment shall:

(1) Prosecute all claims without delay and effect;

(2) Refund all sums of money that may be adjudged to be refunded to the owner of the property or found to have been received by the claimant and not justly due;

(3) Pay all damages and costs that may accrue to the owner of the property, any garnishee or interpleader by reason of the attachment, or any process or proceeding in the action, or by reason of any judgment or process thereon; and

(4) Pay all damages and costs that may accrue to any sheriff or other officer by reason of acting under the writ of attachment, following the instructions of the [party seeking prejudgment attachment].

In its motion for prejudgment attachment, Plaintiff does not suggest an appropriate bond and does not indicate it has filed an appropriate bond as required under Missouri law. Until an appropriate bond is posted, the Court cannot grant Plaintiff's motion for prejudgment attachment. *See T-Mobile USA, Inc. v. Yoak*, No. 4:10CV02244 AGF, 2012 WL 886827, at *3 (E.D. Mo. Mar. 15, 2012); *cf. Allenspach-Boller v. United Cmty. Bank*, No. 5:19-CV-06073-DGK, 2021 WL 1738884, at *4 (W.D. Mo. May 3, 2021) (granting plaintiff's motion for writ of attachment in part where plaintiff had already posted sufficient bond).

---

[3] Missouri Supreme Court Rule 85.08(c) excludes a state or county requesting prejudgment attachment from the bond requirement when the state or county is seeking attachment on its own behalf.

Accordingly, the Court **ORDERS** that Plaintiff shall deposit with the Court, on or before June 20, 2022, a bond consistent with Missouri law in the amount of $1,650,000. Upon the filing of such bond, Plaintiff's motion for prejudgment attachment shall be granted as to attachment for a sum total $1,649,869.20, but if Plaintiff fails to do so, said motion shall otherwise be denied in full.[4]

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: June 9, 2022

---

[4] Should Plaintiff's motion for prejudgment attachment ultimately be granted, the Court notes that Missouri law provides that the Defendant (as the owner of the attached property) may, at any time prior to final judgment, file a motion to dissolve the attachment, and is otherwise entitled to a hearing upon request as to the same. Mo. Sup. Ct. Rules 85.13, 85.14; *see* Mo. Rev. Stat. §§ 521.410, 521.420.